# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF GREAT LAKES AND INTERNATIONAL TOWING & SALVAGE COMPANY INC. AND ST. MARYS CEMENT INC. (CANADA) FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Case No.:<br><br>**VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY** |

Great Lakes and International Towing & Salvage Company Inc. ("GLITS"), as owner of the tug PETITE FORTE, and St. Marys Cement Inc. (Canada) ("St. Marys Cement"), as owner of the barge ST. MARYS CEMENT (referred to collectively as "Petitioners"), hereby file this Complaint for Exoneration from or Limitation of Liability pursuant to U.S.C. §§ 30501-30512, and in support thereof state as follows:

## JURISDICTION AND VENUE

1. This is a case of admiralty and maritime jurisdiction and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1333. Venue is proper in this Court pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Cases of the Federal Rules of Civil Procedure.

## BACKGROUND

3. Great Lakes and International Towing & Salvage Company Inc. is a Canadian corporation organized and existing under the laws of Canada, with its principal place of business located in Burlington, Ontario, Canada. Great Lakes and International Towing & Salvage Company Inc. was at all times hereinafter mentioned and currently is the owner of the tug PETITE FORTE.

4. The tug PETITE FORTE (the "tug") is a tug, measuring 369.17 gross tons, built in 1969.

5. St. Marys Cement Inc. (Canada) is a Canadian corporation organized and existing under the laws of Canada, with its principal place of business located in Toronto, Ontario, Canada. St. Marys Cement was at all times hereinafter mentioned and currently is the owner of the barge ST. MARYS CEMENT.

6. The barge ST. MARYS CEMENT (the "barge") is an unmanned, self-unloading cement carrier barge, measuring 4,679 gross tons, built in 1986.

7. GLITS and St. Marys Cement are parties to a Charter Party Agreement that governed the voyage at issue.

8. The tug PETITE FORTE and barge ST. MARYS CEMENT were at all relevant times seaworthy.

9. On November 6, 2016, the tug was pushing the barge westbound in Lake Erie in the vicinity of Fairport Harbor, Ohio, en route to Cleveland, Ohio. At the time, the tug was being navigated by the tug's 2nd Mate, who had a clear view of the intended course line.

10. As the tug/barge approached Fairport Harbor, the 2nd Mate observed what appeared to be a capsized fishing boat with two individuals in the water floating near the boat. When he observed the capsized fishing boat, the boat was ahead of the location of the tug/barge. At that point, the tug/barge was traveling at less than 8 mph.

11. The 2nd Mate navigated the tug/barge to approach the capsized fishing boat on the tug/barge's port side. Seeing that the two individuals were in distress, the 2nd Mate alerted the ship's Master and the Master made a distress call to the U.S. Coast Guard and turned the tug/barge around in order to return to offer assistance.

12. After turning the tug/barge around and returning to assist the two individuals, while a U.S. Coast Guard response boat was underway from Fairport Harbor station, the 2nd Mate observed that only one individual remained. The 2nd Mate offered assistance, which the remaining individual declined. The U.S. Coast Guard arrived at the scene and assisted the remaining individual.

13. At no time during this process did the tug/barge make contact with the fishing vessel. Nor did the tug/barge cause the fishing vessel to capsize.

14. On or around April 12, 2017, counsel for the owner of the fishing vessel mailed a letter to GLITS and St. Marys Cement claiming that the subject fishing boat was occupied by his client, Michael Jarvis, and Mr. Jarvis's cousin. He further claimed that the fishing boat capsized because the tug/barge "ran them over" while they were anchored. He also alleged that Mr. Jarvis's cousin was killed in the incident. This correspondence was the first written notice of a claim that either GLITS or St. Marys Cement received in relation to the November 6, 2016 alleged incident.

15. The fair market value of the tug prior to the alleged incident was between USD$1,711,321.65 and USD$2,008,942.80, as established by the July 30, 2015 survey by North American Marine, Inc., which is attached hereto as Exhibit A.[1] Because the survey was conducted in 2015, it is reasonable to assume that the tug's fair market value was lower at the time of the alleged incident. For purposes of this petition, however, petitioners have provided security in the amount of $1,860,132.23, which is the median fair market value of the tug based on the July 30, 2015 assessment. Petitioners reserve the right to seek a reduction of the

---

[1] The survey estimated the fair market value as CAN$2,300,000-CAN$2,700,000. The USD estimate of value was reached by applying Bank of Canada's November 2016 average exchange rate of CDN$1 = US$0.74405289.

limitation fund to the extent additional evidence is collected showing a decreased valuation of the tug as of November 6, 2016.

16. The tug/barge was not damaged, lost, or abandoned on November 6, 2016.

17. The subject November 6, 2016 voyage terminated in Cleveland, Ohio and resulted in the recovery of freight in the amount of $45,290.54.

18. Although the fishing boat's owner served notice of a claim purportedly in relation to both the tug and the barge, the fair market value of the barge should not be included in this proceeding because the barge was neither manned nor operated. As such, it was a passive instrument in the alleged events and not the allegedly offending vessel. The barge's value, therefore, must be excluded from the limitation fund. Because the barge owner had no privity or knowledge related to any alleged misconduct, however, the barge owner still is entitled to exoneration or, in the alternative, limitation based on the value of the tug.

19. The claims that have been or will be asserted as a result of the alleged incident have the potential to exceed the value of the tug PETITE FORTE.

## CLAIM FOR RELIEF

20. Because the tug/barge did not make contact with or otherwise cause the capsizing of the fishing boat, GLITS and St. Marys Cement are entitled to exoneration from liability.

21. To the extent the finder of fact concludes that the tug/barge did make contact with the fishing boat, or otherwise caused the fishing boat to capsize, that contact was not caused by the unseaworthiness of the tug PETITE FORTE or the barge ST. MARYS CEMENT. Nor was any alleged contact caused by the negligence of the tug PETITE FORTE or the barge ST. MARYS CEMENT. GLITS and St. Marys Cement, therefore, are entitled to exoneration from liability.

22. In the alternative, if GLITS and St. Marys Cement are not entitled to exoneration from liability, they are entitled to limit their potential liability based on the value of the tug PETITE FORTE at the time of the alleged incident because the alleged incident occurred without the privity or knowledge of GLITS or St. Marys Cement.  Specifically, neither GLITS nor St. Marys Cement had actual or constructive knowledge of a dangerous condition on the tug/barge. Moreover, the tug/barge was properly equipped and was manned by a competent crew.  To the extent the finder of fact concludes that contact between the tug/barge and the fishing vessel occurred due to a navigational error, that navigational error cannot be imputed to GLITS or St. Marys Cement.

23. The alleged incident and any loss, damage or injury resulting therefrom occurred without the privity or knowledge of GLITS and were not caused or contributed to by any fault or negligence on the part of the tug PETITE FORTE or of GLITS.

24. The alleged incident and any loss, damage or injury resulting therefrom occurred without the privity or knowledge of St. Marys Cement and were not caused or contributed to by any fault or negligence on the part of the barge ST. MARYS CEMENT or of St. Marys Cement.

25. Following receipt of the April 12, 2017 written notice of a claim, undersigned counsel received written correspondence from counsel for the decedent and decedent's widow and son. Petitioners have not received any further written correspondence notifying them of any other potential claimants.  Neither written notice contained any allegation of specific damages.

26. GLITS, as owner of the tug PETITE FORTE, seeks exoneration from or limitation of liability pursuant to 46 U.S.C. §§ 30501-30512 for any losses, damages, or injuries arising out of the alleged November 6, 2016 incident and any or all other claims arising on the voyage.

27. St. Marys Cement, as owner of the barge ST. MARYS CEMENT, seeks exoneration from or limitation of liability pursuant to 46 U.S.C. §§ 30501-30512 for any losses, damages, or injuries arising out of the alleged November 6, 2016 incident and any or all other claims arising on the voyage.

28. GLITS and St. Marys Cement proffer with this Verified Complaint a letter of undertaking for $1,905,422.77, plus interest, representing the fair market value of the tug PETITE FORTE and its pending freight at the time of the alleged incident, all in accordance with Supplemental Rule F. Because the barge ST. MARYS CEMENT was a passive instrument at the time of the alleged incident, its value is not added to the limitation fund and separate security is not required in relation to that vessel.

WHEREFORE, GLITS and St. Marys Cement pray:

(a) That the Court enter an Order accepting the attached letter of undertaking as security in support of this action.

(b) That the Court enter an Order directing that a Notice be issued pursuant to Supplemental Rule F(4) to all persons or entities claiming loss, damage, or injury occasioned or incurred by or in any way resulting from the alleged incident described in paragraphs 1-28 above or otherwise asserting any claim against the tug PETITE FORTE or the barge ST. MARYS CEMENT with respect to which GLITS and St. Marys Cement seek exoneration from or limitation of liability herein, admonishing them to appear and file their respective claims with this Court, to serve on, or mail copies thereof to, the attorneys for GLITS and St. Marys Cement on or before the date to be specified in the Notice, to file their respective answers, if any, to the allegation of this Complaint on or before the date to be specified in the Notice, and further

directing that such Notice be published and be mailed to claimants, all as provided by Supplemental Rule F(4) and otherwise by law.

    (c)    That the Court enter an Order restraining the commencement of any and all suits, actions or proceedings that may have been commenced in any court whatsoever to recover damages for any and all loss, damage or injury occasioned or incurred by or in any way resulting from the alleged occurrence and restraining the commencement or prosecution thereafter of any such suit, action or proceeding of any nature or description, except within this action, against the tug PETITE FORTE or the barge ST. MARYS CEMENT, and/or their respective owners, charterers, officers, agents, servants, or employees.

    (d)    That the Court find that GLITS and the tug PETITE FORTE are not liable to any extent upon any of the claims made or that may be made as described above, or if GLITS is found liable, that any such liability is limited to the value of GLITS' interest in the tug PETITE FORTE as found as of the end of the voyage, the proceeds therefrom being divided pro rata among the claimants as may be provided in such manner as the Court may direct, saving to them such priorities as the law may allow, and that the Court enter an Order discharging the tug PETITE FORTE and GLITS from any and all further liability.

    (e)    That the Court find that St. Marys Cement and the barge ST. MARYS CEMENT are not liable to any extent upon any of the claims made or that may be made as described above, or if St. Marys Cement is found liable, that any such liability is limited to the value of GLITS' interest in the tug PETITE FORTE as found as of the end of the voyage, the proceeds therefrom being divided pro rata among the claimants as may be provided in such manner as the Court may direct, saving to them such priorities as the law may allow, and that the Court enter an Order

discharging the barge ST. MARYS CEMENT and St. Marys Cement from any and all further liability.

(f) That the Court grant GLITS and St. Marys Cement such other and further relief as it may deem appropriate.

/s/ Eric S. Daniel
Eric S. Daniel (0078218)
Robert W. Burger (0068539)
Harold W. Henderson (0019056)
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291
216-566-5500 (Phone)
216-566-5800 (Fax)
Eric.Daniel@ThompsonHine.com
Rob.Burger@ThompsonHine.com
Hal.Henderson@ThompsonHine.com

*Attorneys for Great Lakes and International Towing & Salvage Company Inc. and St. Marys Cement (Canada)*

## VERIFICATION

I am Vice President of *Great Lakes & International Towing & Salvage Company* in Burlington, Canada. I have read the foregoing Verified Complaint and know the contents thereof. The matters set forth therein are true to the best of my knowledge, information, and belief. The sources of my knowledge, information, and belief are my personal knowledge, statements made to me, and information provided to me.

Great Lakes & International Towing & Salvage Company is the owner of the tug PETITE FORTE. I have personal knowledge of the amount of freight pending for the tug PETITE FORTE on or about November 6, 2016. The pending freight at that time was USD$45,290.54.

I caused a valuation survey of the tug PETITE FORTE to be performed on or around July 14, 2015. Attached as Exhibit __A__ is a true and accurate copy of the valuation report I received from North American Marine, Inc. as a result of that survey.

I verify under penalty of perjury that the foregoing is true and correct.

Date:

05 October 2017

Mirek Gassowski
Vice President
*Great Lakes & International Towing & Salvage Company*

## **CERTIFICATE OF SERVICE**

  A true and accurate copy of the foregoing document was served on October 6, 2017 upon the following, via certified mail:

Jarrett J. Northup, Esq.
Jeffries, Kube, Forrest & Monteleone Co., L.P.A.
26021 Center Ridge Rd., Suite 200
Westlake, Ohio 44145-4013

*Counsel for Claimant Michael Jarvis*

Richard V. Zurz, Jr., Esq.
Slater & Zurz LLP
One Cascade Plaza
Akron, Ohio 44308

*Counsel for Claimants Andrea Burton,*
*Michael Burton, and the Estate of Roger Burton*

             */s/ Eric S. Daniel*
             *One of the Attorneys for Great Lakes and*
             *International Towing & Salvage Company*
             *Inc. and St. Marys Cement (Canada)*