IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In the Matter of the Complaint of Great Lakes and International Towing & Salvage Company Inc. and St. Mary's Cement Inc. (Canada) for Exoneration from or Limitation of Liability<br>------------------------------------------------------------<br><br>Great Lakes and International Towing & Salvage Company, Inc.<br><br>and<br><br>St. Mary's Cement, Inc. (Canada)<br><br>           Petitioners/Plaintiffs<br><br>vs.<br><br>Andrea Burton, as Administratrix of the Estate of Roger Burton, deceased<br>3709 S. Union Ave.<br>Alliance, Ohio 44001<br><br>           Claimant/Defendant and<br>           Third Party Plaintiff<br><br>vs.<br><br>Alen Gorishti<br>3385 Harvester Road, Suite 250<br>Burlington, Ontario, Canada L7N 3N2<br><br>and<br><br>Fettes Shipping, Inc.<br>3385 Harvester Road, Suite 250<br>Burlington, Ontario, Canada L7N 3N2<br><br>           Third Party Defendants | Case No: 1:17-CV-02116-DAP<br><br>Judge Dan Aaron Polster<br><br>**CLAIMANT/DEFENDANT AND THIRD PARTY PLAINTIFF, ANDREA BURTON, ADMINISTRATRIX'S, ANSWER TO VERIFIED COMPLAINT, COUNTERCLAIM AND THIRD PARTY COMPLAINT FOR WRONGFUL DEATH AND PERSONAL INJURIES**<br><br>**JURY DEMANDED** |

## ANSWER TO VERIFIED COMPLAINT

Now comes Claimant/Defendant and Third Party Plaintiff, Andrea Burton, as Administratrix of the Estate of Roger Burton, deceased (hereinafter referred to as "Burton, as Administratrix") and for her Answer to the Verified Complaint for Exoneration From or Limitation of Liability of Petitioners/Plaintiffs, Great Lakes International Towing & Salvage Company, Inc. (hereinafter referred to as "GLITS") and St. Marys Cement (Canada) (hereinafter referred to as "St. Marys") states as follows:

### Jurisdiction and Venue

1) Admits the allegations contained in paragraph 1.
2) Admits the allegations contained in paragraph 2.

### Background

3) Admits the allegations contained in paragraph 3.
4) Admits the allegations contained in paragraph 4.
5) Admits the allegations contained in paragraph 5.
6) Admits the allegations contained in paragraph 6.
7) Denies the allegations contained in paragraph 7 for lack of knowledge or information sufficient to form a belief about the truth thereof because Burton, as Administratrix, has not been provided nor otherwise seen the alleged Charter Party Agreement.
8) Denies the allegations contained in paragraph 8.
9) Relative to the allegations contained in paragraph 9: admits that the tug and barge as a single composite vessel (hereinafter collectively referred to as "tug/barge") was on November 6, 2016 navigating westbound in the inland territorial waters of

the State of Ohio on Lake Erie in the vicinity of Fairport Harbor, Ohio; denies for lack of knowledge sufficient to form a belief as to the truth thereof that the tug/barge were being navigated by the tug's 2nd Mate and that said 2nd Mate had a clear view of the intended course line; and denies any further allegations contained in paragraph 9 not specifically admitted in this paragraph.

10) Relative to the allegations contained in paragraph 10: denies for lack of knowledge or information sufficient to form a belief as to the truth thereof that the tug/barge was traveling at less than 8 mph; and denies the remainder of the allegations contained in paragraph 10.

11) Relative to the allegations contained in paragraph 11: admits that a distress call was made to the U.S. Coast Guard and that the tug/barge eventually turned around, but denies the remainder of the allegations contained in paragraph 11.

12) Relative to the allegations contained in paragraph 12: admits that a U.S. Coast Guard boat responded to the allision and rendered assistance to the survivor, Michael Jarvis, but denies the remainder of the allegations contained in paragraph 12.

13) Denies the allegations contained in paragraph 13 as the tug/barge allided with the anchored and stationary recreational fishing boat causing it to capsize.

14) Denies the allegations contained in paragraph 14 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

15) Relative to the allegations contained in paragraph 15: admits that a July 30, 2015 survey by North American Marine, Inc. was attached as Ex. A to the Verified Complaint; admits that GLITS and St. Marys have posted security; and denies the

remainder of the allegations contained in paragraph 15. Further answering, Burton, as Administratrix, while reserving her right to seek by motion an increase in the security deposited by GLITS and St. Marys, states that as the tug/barge were a single composite vessel at the time of the subject collision, the fair market value of the barge and its pending freight should also be included in the calculation of the fund required to be deposited herein pursuant to 46 U.S.C. 30511.

16) Relative to the allegations contained in paragraph 16: admits that the tug/barge was not lost or abandoned on November 6, 2016, but denies that the tug/barge was not damaged.

17) Denies the allegations contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

18) Relative to the allegations contained in paragraph 18: denies for want of knowledge or information sufficient to form a belief as to the truth thereof as to whether the fishing boat's owner served notice of a claim purportedly in relation to both the tug and barge; and denies the rest and remainder of the allegations contained in paragraph 18.

19) Admits the allegations contained in paragraph 19.

## Claims for Relief

20) Denies the allegations contained in paragraph 20.

21) Denies the allegations contained in paragraph 21.

22) Denies the allegations contained in paragraph 22.

23) Denies the allegations contained in paragraph 23.

24) Denies the allegations contained in paragraph 24.

25) Relative to the allegations contained in paragraph 25: admits that counsel for Burton, as Administratrix, sent a correspondence on or about May 28, 2017 informing counsel for GLITS and St. Marys of his representation, but denies the remainder of the allegations contained in paragraph 25 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

26) Relative to the allegations contained in paragraph 26: admits that GLITS seeks by its Verified Complaint exoneration from or limitation of liability, but denies that it is entitled to such.

27) Relative to the allegations contained in paragraph 27: admits that St. Marys seeks by its Verified Complaint exoneration from or limitation of liability, but denies that it is entitled to such.

28) Relative to the allegations contained in paragraph 28: admits that GLITS and St. Marys proffered a letter of undertaking for $1,905,422.77; denies that said sum represents the fair market value of the tug or tub/barge and pending freight at the time of the incident; denies that the barge was a passive instrument and that its value should not be added to the limitation fund and that additional security is not required relative to the fair market value of the barge and its pending freight, and denies the rest and remainder of the allegations contained in paragraph 28.

**AFFIRMATIVE DEFENSES**

Burton, as Administratrix, asserts the following affirmative defenses:

1) Neither GLITS nor St. Marys is entitled to exoneration as the tug/barge allided with the anchored and stationary recreational fishing boat, which directly and

proximately caused the personal injuries to and death of Roger Burton, deceased, as alleged in the accompanying Counterclaim and Third-Party Complaint.

2) Neither GLITS nor St. Marys is entitled to exoneration as the subject allision was caused by the unseaworthiness of the tug/barge.

3) Neither GLITS nor St. Marys is entitled to exoneration as the subject allision was caused by independent negligent acts or omissions of GLITS and/or independent negligent acts or omissions of St. Marys.

4) Neither GLITS nor St. Marys is entitled to exoneration as the tug/barge was neither properly equipped nor manned by a competent crew.

5) Neither GLITS nor St. Marys is entitled to exoneration as the subject collision was caused by the negligent acts or omission of others for which GLITS and/or St. Marys is vicariously liable under respondeat superior or otherwise.

6) Neither GLITS nor St. Marys is entitled to limitation of liability because they had privity with or knowledge of the specific negligent acts or omissions of the crew which proximately caused the subject collision.

7) Neither GLITS nor St. Marys is entitled to limitation of liability because they had privity with and/or actual or constructive knowledge of specific unseaworthy conditions of the tug/barge which proximately caused the subject allision.

8) Neither GLITS nor St. Marys is entitled to limitation of liability because they failed to select or provide a competent crew.

9) Neither GLITS nor St. Marys is entitled to limitation of liability because they failed to remedy deficiencies in the crew which were known or which or could have been

discovered with reasonable diligence and which deficiencies proximately caused the subject allision.

10) Neither GLITS nor St. Marys is entitled to limitation of liability because they failed to remedy deficiencies in the tug/barge which rendered the vessel unseaworthy and which proximately caused the subject allision, which deficiencies were known or which could have been discovered with reasonable diligence.

11) The Verified Complaint of GLITS and St. Marys fails to state claims upon which relief can be granted.

12) Burton, as Administratrix, reserves the right to assert any additional affirmative defenses which may become known as a result of discovery and/or further investigation.

Wherefore, Claimant/Defendant and Third Party Plaintiff, Andrea Burton as Administratrix, requests that the Verified Complaint be dismissed at the costs of GLITS and St. Marys and specifically that:

a) GLITS and St. Marys be denied exoneration; and

b) GLITS and St. Marys be denied limitation of liability pursuant to 46 U.S.C. 30501-30512; and

c) Pursuant to 46 U.S.C. Sections 30505 and 30511, the security deposited by GLITS and St. Marys be increased by an amount equal to the fair market value of the barge and its pending freight at the time of the allision.

# COUNTERCLAIM AND THIRD PARTY COMPLAINT

Now comes the Claimant/Defendant and Third Party Plaintiff, Andrea Burton, as Administratrix of the Estate of Roger Burton, deceased, and for her Counterclaim against Petitioner/Plaintiffs, GLITS and St. Marys, and for her Third-Party Complaint against the Third-Party Defendants, Alen Gorishti and Fettes Shipping, Inc., states:

## Parties and Nature of Claim

1) Incorporates herein as if fully rewritten her Answer to Verified Complaint with Affirmative Defenses.

2) In the matter of the Estate of Roger Burton, deceased, Stark County, Ohio Probate Court Case No. 228238, Judge Dixie Parks presiding, Andrea Burton was appointed and is the currently serving Administratrix of the Estate of Roger Burton, deceased. Andrea Burton is a citizen of Alliance, Ohio, where she resided at all times relevant hereto with the decedent as husband and wife. Andrea Burton, as Administratrix, brings these wrongful death and survivorship claims pursuant to Ohio Revised Code Sections 2125.01, et seq., and pursuant to common law in her capacity as the personal representative of the decedent for the exclusive benefit of the persons enumerated in Ohio Revised Code Section 2125.02 (A)(1), including but not limited to herself, as the decedent's spouse, Michael Andrew Burton, as the decedent's son, and the decedent's other next of kin. Burton, as Administratrix, requests an award on this Counterclaim and Third-Party Complaint of all compensatory damages permitted under law and by Ohio Revised Code Section 2125.02 (B)(1) through (5), and for reasonable funeral and burial expenses.

3) Petitioner/Plaintiff, GLITS, is a Canadian corporation organized and existing under the laws of Canada, with its principal place of business located in Burlington, Ontario, Canada. GLITS was at all times hereinafter mentioned and currently is the owner of the tug PETITE FORTE (hereinafter referred to separately as the "tug"), which was involved in the subject collision.

4) Petitioner/Plaintiff, St. Marys, is a Canadian corporation organized and existing under the laws of Canada, with its principal place of business located in Toronto, Ontario, Canada. St. Marys was at all times mentioned herein and currently is the owner of the barge ST. MARYS CEMENT, (hereinafter referred to separately as the "barge"), which was involved in the subject collision.

5) Third Party Defendant, Fettes Shipping, Inc. (hereinafter referred to as "Fettes") is a Canadian corporation organized and existing under the laws of Canada, with its principal place of business located in Burlington, Ontario, Canada.

6) Third-Party Defendant, Alen Gorishti (hereinafter referred to as "Gorishti"), at all times relevant hereto was a citizen of Canada and a resident of Ontario, Canada and was an employee, agent and/or representative of GLITS, St. Marys and/or Fettes.

## Jurisdiction and Venue

7) The Court has original jurisdiction over the claims set forth in this Counterclaim and Third-Party Complaint pursuant to 28 U.S.C. 1332, diversity of citizenship. The amount in controversy, excluding interests and costs, exceeds the sum or value specified by 28 U.S.C. 1332. Alternatively, jurisdiction is proper under 28 U.S.C. 1333.

8) Venue is proper in this Court because a substantial part of the acts or omissions, including the subject collision, occurred in the inland territorial waters of the State of Ohio in Lake County.

**Background**

9) On or about November 6, 2016, Roger Burton (hereinafter the "Decedent") was a passenger on a recreational fishing boat anchored on Lake Erie, in the inland territorial waters of the State of Ohio, approximately two and a half (2.5) miles northwest of Fairport Harbor, Ohio.

10) At said time and at said location, the tug PETITE FORTE and the barge ST. MARYS CEMENT, operating as a single composite unit and as a single vessel, while navigating westbound on Lake Erie, allided with and capsized the recreational fishing boat. After the allision, the Decedent and the owner/master of the fishing boat, Michael Jarvis, managed to hang onto the front of the barge for a short time before dropping into the water. Mr. Jarvis was able to struggle to his capsized boat and was eventually rescued by the U.S. Coast Guard. The Decedent slipped beneath the waves and was never seen alive again. His remains were found on January 14, 2017 on a beach in Conneaut, Ohio.

11) An autopsy of Decedent was performed on January 17, 2017 by the Cuyahoga County Medical Examiner. The Coroner's Verdict of the Ashtabula County Coroner's Office concluded that the cause of Decedent's death was drowning. The Decedent's Death Certificate and Supplementary Medical Certification lists his date of death as January 14, 2017.

12) At the time of the subject allision, the tug and barge were operating as a single composite unit and vessel and upon information and belief was being piloted by the Third-Party Defendant, Alen Gorishti.

13) At the time of the subject allision, Third-Party Defendant, Fettes, was the Operator of the tug/barge pursuant to an agreement with GLITS and/or with St. Marys.

14) At the time of the subject allision, Gorishti was an employee, agent or representative of Fettes and was acting in the course and scope of his employment, agency and/or representation. Alternatively, at the time of the subject allision, Gorishti was an employee, agent or representative of GLITS and/or St. Marys and was acting in the course and scope of his employment, agency or representation.

## **Count I – Wrongful Death**

15) Burton, as Administratrix, realleges and reavers all prior paragraphs as if fully set forth herein.

16) As a direct and proximate result of the negligent and reckless acts and omissions as delineated below of GLITS, St. Marys, Gorishti and/or Fettes, the Decedent wrongfully died from drowning on or about November 6, 2016.

17) As a direct and proximate result of the negligent and reckless acts and omission of GLITS, St. Marys, Gorishti and/or Fettes, as more fully delineated below, and the resultant wrongful death of the Decedent, the Claimant/Defendant and Third Party Plaintiff, Andrea Burton, as Administratrix, and the persons enumerated in Ohio Revised Code Section 2125.02 (A)(1), including but not limited to Andrea Burton, the Decedent's wife, and Michael Burton, the Decedent's son, and the Decedent's other next of kin, sustained the compensatory damages enumerated in Ohio

Revised Code Section 2125.02 (B)(1) through (5), including loss of support from the reasonably expected earning capacity of the Decedent; loss of services of the Decedent; loss of the society of the Decedent, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education; loss of prospective inheritance to the Decedent's heirs at law at the time of the Decedent's death; and mental anguish incurred by the surviving spouse, child and next of kin of the Decedent.

18) As a direct and proximate result of the negligent and reckless acts and omissions of GLITS, St. Marys, Gorishti and/or Fettes, as more fully delineated below, Burton, as Administratrix, incurred reasonable funeral and burial expenses in excess of $10,000.00.

19) As a direct and proximate result of the negligent and reckless acts and omissions of GLITS, St. Marys, Gorishti and/or Fettes, as more fully set forth below, Burton, as Administratrix, and the persons enumerated in Ohio Revised Code Section 2125.02 (A)(1), including Andrea Burton, the Decedent's wife, and Michael Burton, the Decedent's son, sustained any and all economic damages, non-economic damages, hedonic damages, and any other damages and/or losses which are permitted to be awarded under law.

20) Upon information and belief, the negligent and reckless acts and omissions of Gorishti, which proximately caused the subject collision and resultant wrongful death of Decedent, include but are not limited to the following:

   a) Failure to pilot the tug/barge in a reasonably safe and prudent manner; and

b) Failure to pilot the tug/barge in accordance with the Inland Navigation Rules, 33 CFR 83.01, et seq., including:

1) Failure to maintain a proper look-out by sight and hearing as well as by all means appropriate in the prevailing circumstances and conditions so as to make a full appraisal of the situation and of the risk of collision (33 CFR 83.05 – Rule 5); and

2) Failure to pilot the tug/barge at a safe speed so that effective action could be taken to avoid collision and be stopped within a distance appropriate to the prevailing circumstances and conditions (33 CFR 83.06 - Rule 6); and

3) Failure to use all available means appropriate to the prevailing circumstances and conditions to determine if risk of collision exists; and if there is any doubt, to properly use radar equipment (33 CFR 83.07 - Rule 7); and

4) Failure to take appropriate action to avoid collision, including alteration of course and speed, or stopping or reversing (33 CFR 83.08 - Rule 8); and

5) Failure to keep out of the way of a vessel engaged in fishing (33 CFR 83.18 - Rule 18); and

6) Failure to proceed at a safe speed adapted to the prevailing circumstances and any conditions of restricted visibility (33 CFR 83.19 - Rule 19)

7) Piloting the tug/barge on an improper and unsafe course in a known recreational fishing area at an unsafe speed for the conditions; and

8) Failure to utilize the upper wheel house to navigate the tug/barge; and

9) Piloting the tug/barge without operational radar; and

10) Piloting the tug/barge without necessary look-outs and without adequate crew; and

11) Failing to spot the recreational fishing boat and alter course and speed so as to avoid a collision.

21) Fettes is vicariously liable for the aforesaid negligent and reckless acts and omissions of Gorishti under the doctrine of respondeat superior.

22) GLITS is vicariously liable for the aforesaid negligent and reckless acts and omissions of Gorishti under the doctrine of respondeat superior.

23) St. Marys is vicariously liable for the aforesaid negligent acts and omissions of Gorishti under the doctrine of respondeat superior.

24) Upon information and belief, the negligent acts and omissions of Fettes, which proximately caused the subject collision and the resultant wrongful death or Decedent, include but are not limited to:

a) Negligently entrusting the tug/barge to an unqualified and incompetent pilot and crew; and

b) Negligently hiring, retaining and supervising Gorishti and the crew of the tug/barge; and

c) Negligently training Gorishti and the crew of the tug/barge in the safe operation of the tug/barge; and

d) Negligently permitting the tug/barge to be navigated through an area known to be frequented by pleasure craft and fishing boats when alternative and safer routes were available; and

e) Failing to develop, implement and enforce proper policies and procedures for the safe operation of the tug/barge, including the use of lookouts; and

f) Failing to develop, implement and enforce proper policies and procedures to ensure that the tug/barge and its machinery met all applicable regulations established for the vessel, including but not limited to a functioning radar, a functioning voyage data recorder, and arrangements for ensuring communication between crew members; and

g) Failing to provide the number and qualifications of crew members required for the tug/barge; and

h) Providing the crew with and permitting the crew to operate a vessel which was not properly equipped, rendering the tug/barge unseaworthy; and

i) Operating and/or permitting the operation of the tug/barge by a crew which was not competent; and

j) Permitting the operation of the tug/barge with actual or constructive knowledge of dangerous conditions on the tug/barge; and

k) Failing to remedy deficiencies in the tug/barge and in the crew which were known or which could have been discovered with reasonable diligence; and

l) Failing to remedy deficiencies in the tug/barge which rendered it unseaworthy.

25) Upon information and belief, the negligent acts and omissions of GLITS, which proximately caused the subject collision and the resultant death of Decedent, include but are not limited to:

   a) Negligently entrusting the tug/barge to an unqualified and incompetent pilot and crew; and

   b) Negligently hiring, retaining and supervising Gorishti and the crew of the tug/barge; and

   c) Negligently training Gorishti and the crew of the tug/barge in the safe operation of the tug/barge; and

   d) Negligently permitting the tug/barge to be navigated through an area known to be frequented by pleasure craft and fishing boats when alternative and safer routes were available; and

   e) Failing to develop, implement and enforce proper policies and procedures for the safe operation of the tug/barge, including the use of lookouts; and

   f) Failing to develop, implement and enforce proper policies and procedures to ensure that the tug/barge and its machinery met all applicable regulations established for the vessel, including but not limited to a functioning radar, a functioning voyage data recorder, and arrangements for ensuring communication between crew members; and

   g) Failing to provide the number and qualifications of crew members required for the tug/barge; and

   h) Providing the crew with and permitting the crew to operate a vessel which was not properly equipped, rendering the tug/barge unseaworthy; and

i) Operating and/or permitting the operation of the tug/barge by a crew which was not competent; and

j) Permitting the operation of the tug/barge with actual or constructive knowledge of dangerous conditions on the tug/barge; and

k) Failing to remedy deficiencies in the tug/barge and in the crew which were known or which could have been discovered with reasonable diligence; and

l) Failing to remedy deficiencies in the tug/barge which rendered it unseaworthy.

26) Upon information and belief, the negligent acts and omissions of St. Marys, which proximately caused the subject collision and the resultant death of Decedent, include but are not limited to:

a) Negligently entrusting the tug/barge to an unqualified and incompetent pilot and crew; and

b) Negligently hiring, retaining and supervising Gorishti and the crew of the tug/barge; and

c) Negligently training Gorishti and the crew of the tug/barge in the safe operation of the tug/barge; and

d) Negligently permitting the tug/barge to be navigated through an area known to be frequented by pleasure craft and fishing boats when alternative and safer routes were available; and

e) Failing to develop, implement and enforce proper policies and procedures for the safe operation of the tug/barge, including the use of lookouts; and

f) Failing to develop, implement and enforce proper policies and procedures to ensure that the tug/barge and its machinery met all applicable regulations established for the vessel, including but not limited to a functioning radar, a functioning voyage data recorder, and arrangements for ensuring communication between crew members; and

g) Failing to provide the number and qualifications of crew members required for the tug/barge; and

h) Providing the crew with and permitting the crew to operate a vessel which was not properly equipped, rendering the tug/barge unseaworthy; and

i) Operating and/or permitting the operation of the tug/barge by a crew which was not competent; and

j) Permitting the operation of the tug/barge with actual or constructive knowledge of dangerous conditions on the tug/barge; and

k) Failing to remedy deficiencies in the tug/barge and in the crew which were known or which could have been discovered with reasonable diligence; and

l) Failing to remedy deficiencies in the tug/barge which rendered it unseaworthy.

## Count II – Survivorship Claims

27) Burton, as Administratrix, realleges all prior paragraphs as if fully rewritten herein.

28) As a direct and proximate result of the aforesaid negligent acts and omissions of GLITS, St. Marys, Gorishti and/or Fettes, the Decedent prior to his death sustained severe personal injuries, physical pain and suffering, and severe emotional distress, anxiety, terror and fright.

Wherefore, Claimant/Defendant and Third-Party Plaintiff, Andrea Burton, as Administratrix of the Estate of Roger Burton, Deceased, requests judgment on her Counterclaim and Third Party Complaint as follows:

a) On Count I, for a judgment against Great Lakes and International Towing & Salvage Company, Inc., St. Marys Cement, Inc. (Canada), Alen Gorishti and Fettes Shipping, Inc., individually and/or jointly and severally, in the sum of six (6) million dollars each; and

b) On Count II, for judgment against Great Lakes and International Towing & Salvage Company, Inc., St. Marys Cement, Inc. (Canada), Alen Gorishti and Fettes Shipping, Inc., individually and/or jointly and severally, in the sum of four (4) million dollars each; and

c) On all Counts, for pre and post judgment interest and such other and further relief as to which Andrea Burton, as Administratrix, may be entitled at law or in equity.

                Respectfully Submitted,

                SLATER & ZURZ, LLP

                */s/ Richard V. Zurz, Jr.*
                RICHARD V. ZURZ, JR. #0007978
                MICHAEL SCHMELTZER #0080340
                One Cascade Plaza, Suite 2210
                Akron, OH 44308
                330-762-0700 phone
                330-762-3923 fax
                Attorney for Claimant/Defendant and
                Third-Party Plaintiff, Andrea Burton
                as Administratrix

**Jury Demand**

Claimant/Defendant and Third Party Plaintiff, Andrea Burton, as Administratrix of the Estate of Roger Burton, deceased, requests a trial by jury as to all issues which a jury may consider and determine.

    /s/ Richard V. Zurz, Jr.
RICHARD V. ZURZ, JR. #0007978
MICHAEL SCHMELTZER #0080340
Attorney for Claimant/Defendant and
Third-Party Plaintiff, Andrea Burton
as Administratrix

**Certificate of Service**

This is to certify that a copy of the foregoing was sent by email and regular U.S. Mail pursuant to Federal Rules of Civil Procedure on this 22nd day of November, 2017 to the following:

Eric S. Daniel
Thompson Hine, LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291

Eric.Daniel@ThompsonHine.com

    /s/ Richard V. Zurz, Jr.
RICHARD V. ZURZ, JR. #0007978
MICHAEL SCHMELTZER #0080340
Attorney for Claimant/Defendant and
Third-Party Plaintiff, Andrea Burton
as Administratrix